OPINION OF THE COURT
C. Benn Forsyth, J.
This is an application to reargue a dismissal of charges against the above-named defendant of altering wetlands without a permit, pursuant to ECL article 24. There are two charges, one occurring on September 11, 1977 and the other on September 20, 1977. It is the contention of the People that the defendant owned wetlands subject to the law, and altered them without a permit.
The threshold question is whether or not the defendant’s lands were subject to the provisions of ECL article 24. A "freshwater wetland” is defined under ECL 24-0107 as "lands and waters of the state as shown on the freshwater wetlands map”. It needs no citation of authority to hold that when the *299 particular statute defines specific property or conduct that is to be regulated or proscribed, then only conduct or property falling within that definition is subject to the provisions of the particular law. The defendant contends that his lands have never been mapped under the procedures set up by the ECL, and thus his lands are not subject to the rules prescribed by said law.
Under ECL 24-0301 the commissioner is to make a study and inventory of wetlands and then to prepare a "tentative freshwater wetlands map”. After that certain studies are made and hearings are held and, in a proper case, a final wetlands map is prepared and filed. This court holds that no marsh or other such area in the State of New York, regardless of its other qualifications, can be a "freshwater wetland” and subject to the provisions of ECL article 24 until such time as it appears on a tentative or final freshwater wetlands map prepared by the commissioner. The People argue that pursuant to ECL 24-0703 (subd 4) no person shall fill wetlands regardless of whether or not they are shown on a map. This subdivision states "prior to the promulgation of the final freshwater wetlands map in a particular area * * * no person shall conduct * * * any activity for which a permit is required under section 24-0701 of this article on any freshwater wetlands unless he has obtained a permit from the commissioner under this section.” It is to be noted that this section speaks of a period prior to promulgation of the "final freshwater wetlands map”. It does not say prior to the "promulgation of any freshwater wetlands map”. It is also noted that the section uses the words "freshwater wetlands” which had been previously defined as limited to those wetlands appearing on a map prepared by the commissioner. From this it is reasonably clear that the Legislature intended that the period between the preparing of the "tentative freshwater wetlands map” and the "final freshwater wetlands map” would be subject to a permit under ECL 24-0703 (subd 4). By using the specific words "freshwater wetlands” the Legislature clearly intended that the restrictions would only apply to those wetlands as defined above.
The superceding information in the case at bar fails to allege that the defendant’s land appears on any wetlands map. The closest that it comes is a statement wherein Mr. Elmer Wagner, the regional permit administrator in Region 8 of the Department of Environmental Conservation states that based *300 upon his inspection he had designated defendant’s land as a "freshwater wetland”, according to the procedure outlined in ECL 24-0703 (subd 4). The court finds this statement inadequate on two grounds. First, there is nothing in the law permitting this designation be made by a regional officer. Second, that the cited section has nothing to do with the "designation of freshwater wetlands”. Thus any action under subdivision 4 of the law would not meet the legal requirements of designation on a map. The court finds no factual or legal allegation in the superseding information now before it which alleges that the defendant’s lands were in fact "freshwater wetlands” pursuant to the procedures outlined in ECL 24-0301.
The next major consideration is whether the alleged activities by the defendant violate the provisions of the law. The information alleging a violation on September 11, 1977 alleges that a bulldozer was being driven over cattails and "covering same with dirt”. There is no allegation that such activity was not undertaken by the landowner for the purpose of "engaging in the use of wetland or other land for growing agricultural products”, which is excluded from the regulated activities. The court adheres to its prior holding. It is impossible to determine from the papers filed with this court whether or not the alleged covering of cattails with dirt was a permitted "draining land or wetlands for growing agricultural products and otherwise engaging in the use of wetlands or other lands for the growing of agricultural products.”
The other information, covering the events of September 20 alleges that the officer observed "two trucks belonging to Keegan Utility Contractors dumping a dirt composite fill material on property located at 2400 Empire Blvd. known as Empire Lanes.” The court takes judicial notice of the fact that "Empire Lanes” is a bowling alley surrounded by a parking lot. The superseding information’s supporting deposition states that the wetlands area is south of the "Empire Lanes Bowling Alley”. From the foregoing it is impossible to tell whether or not the fill was dumped at the bowling alley outside of the alleged wetlands. When art interpretation of an information is as consistent with the defendant’s innocence as guilt the information is defective and must be dismissed.
The defendant also raises the issue that this action is being enforced by the District Attorney of Monroe County rather than the Attorney-General, as specified in ECL 71-2301 *301 and 71-2305. (See, also, 1967 Atty Gen [Inf Opns] 155.) The court holds the appearance of the District Attorney improper.
For the foregoing reasons the court dismisses all charges against the defendant in these matters.